UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-309-GWU

NICOLE L. MCKINNEY,                                                            PLAINTIFF,

VS.                **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                DEFENDANT.

### INTRODUCTION

Counsel for the plaintiff has filed a motion for award of attorney's fees under 28 U.S.C. § 2412(d), the Equal Access to Justice Act (EAJA), seeking $170.00 per hour for 46.1 hours of work on the successful appeal, along with $125.00 per hour for 2.5 hours of law clerk time and $100.00 per hour for .85 hours of paralegal time. The defendant objects to the hourly rate and to some of the hours claimed.

### APPLICABLE LAW

A court must calculate an award of fees under EAJA "based on prevailing market rates for the kind and quality of the services performed." 28 U.S.C. § 2412(d)(2). There is a statutory cap of $125.00 per hour for the legal services, but a court is free to award reasonable fees at any hourly rate below the cap. Kerin v. U.S. Postal Service, 218 F.3d 185 (2nd Cir. 2000). Additionally, cost of living and "special factors" may justify increasing the rate above the cap. 28 U.S.C. § 2412(d)(2).

1

08-309 Nicole L. McKinney

Reasonable fees are those, according to the Supreme Court, "in line with those prevailing in the community for similar services . . . of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984). In making this determination, a court can look to evidence of legal fees charged in the same geographic area for the pertinent area of practice, as well as take judicial notice of the historical fee reimbursement rate in the district. London v. Halter, 134 F.Supp. 2d 940, 941-942 (E.D. Tenn. 2001). Nevertheless, the community or geographic area concept is fluid--the Sixth Circuit Court of Appeals has also discussed "prevailing market rates" as involving the metropolitan area in which another Social Security appeal was brought. Chipman v. Secretary of Health and Human Services, 781 F.2d 545, 547 (6th Cir. 1986). In addition, the Supreme Court has noted that the existence of the statutory cap (currently $125.00) on EAJA fees suggests that Congress thought this amount sufficient reimbursement for lawyers' fees, even if it should happen that "market rates" for all lawyers in the nation were higher. Pierce v. Underwood, 487 U.S. 552, 572 (1988), citing 28 U.S.C. § 2412(d)(2)(A)(ii) ("attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.") (emphasis added).[1] The burden is on the plaintiff to provide

---

[1] At the time of Pierce, the cap was $75.00. 487 U.S. at 555.

evidence that the rates he requests are in line with appropriate community rates. Blum, 465 U.S. at 895.

After the Court considers the prevailing market rate issue, it must next consider whether an increase in the fee level above the cap is justified based on cost of living increases. Begley v. Secretary of Health and Human Services, 966 F.2d 196, 200 (6th Cir. 1992). Adjustments for increases in the Consumer Price Index are left to the discretion of the district court; there will be no abuse of discretion in refusing to award a cost of living-related increase, however, even if cost of living has risen since the EAJA hourly rate levels were set by statute. Id.

In its discretion, a court may also determine to issue an award of fees exceeding the statutory cap if a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher rate. 28 U.S.C. § 2412(d)(2)(A). However, this term has been fairly narrowly interpreted by the Supreme Court. Pierce v. Underwood, 108 S.Ct. 2541, 2544 (1988) (referencing an example of patent attorneys and stating that special factors cannot be applicable to a broad spectrum of litigation). Social Security benefit practice as a whole is not beyond the grasp of a competent practicing attorney and is not necessarily a practice specialty on the level which might justify fee enhancement. Chynoweth v. Sullivan, 920 F.2d 648, 650 (10th Cir. 1990).

08-309 Nicole L. McKinney

## DISCUSSION

### A. Prevailing Market Rate

Counsel for the plaintiff has not made any effort to establish a prevailing market rate for Social Security Appeals in the Central Division of this court. Instead, he maintains that the relevant geographic area is Chicago, Illinois, the location of his office, citing only Blum and not providing a pinpoint cite. Blum concerned fees requested by the Legal Aid Society of New York City for an action brought in the Southern District of New York, 465 U.S. at 890, rather than attorneys from one area practicing in another district, and states only that "reasonable fees . . . are to be calculated according to the prevailing market rates in the relevant community." 465 U.S. at 895 (internal quotation marks omitted). Therefore, it does not support counsel's assertion. The Sixth Circuit has recognized that there are some circumstances in which an "out-of-town specialist" may be required, but in such cases, the court must determine "(1) whether hiring the out-of-town specialist was reasonable in the first instance, and (2) whether the rates sought by the out-of-town specialist are reasonable for an attorney of his or her degree of skill, experience, and reputation." Hadix v. Johnson, 65 F.3d 532, 535 (6th Cir. 1995). Counsel asserts that he "was asked to take this case because there is a shortage of attorneys willing to take Social Security cases in Kentucky." Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act, Docket Entry No. 20, p. 5. However, no evidence of a shortage of attorneys, such as an affidavit from

4

08-309 Nicole L. McKinney

McKinney's administrative representative or other attorneys in practice in this district, is given. Consequently, the court declines to find that there is a shortage of attorneys willing to take Social Security cases in Kentucky.[2]

Since the first prong of the Hadix test was not met, it is unnecessary to determine whether the attorney fee rates sought are reasonable.

The court, therefore, consistent with its prior rulings, finds no basis for departing from the EAJA statutory cap of $125.00 per hour in the Central Division of this district.

Regarding reimbursement for paralegal and law clerk hours spent on the appeal, the Commissioner notes that the undersigned has recently awarded paralegal time at the rate of $40.00 per hour. Rogers v. Commissioner of Social Security, London Civ. Action No. 07-415-GWU (E.D. Ky. Feb. 25, 2009). That award concerned a case in the more rural Southern Division of the Eastern District of Kentucky, however. The court notes that the Honorable Joseph M. Hood has found $85.00 per hour to be a reasonable rate for an experienced paralegal in a case decided in the Central Division at Lexington. K. L. v. Scott County Schools, Lexington Civ. Action No. 070-62-JMH, 2007 WL 1875663 (E.D. Ky. June 28,

---

[2]The court also declines the Commissioner's invitation to take judicial notice that there are a "sufficient" number of attorneys who accept Social Security appeals beyond the administrative level. The court has been reviewing Social Security appeals for many years and believes that there are fewer attorneys before the court than there were ten years ago. Whether this translates into clients having to retain out-of-state counsel is a matter that is purely speculative based on the current record.

2007).  Accordingly, the court will adopt this hourly rate for the paralegal hours claimed.

Finally, plaintiff requests $125.00 for 2.5 hours of work by Suzanne Blaz, described as a "law clerk" with a J.D. degree (as of January 2007) who evidently has not passed the bar exam.  Plaintiff's Application, pp. 5-6.  This precise level of achievement is novel in fee petitions in the court's experience, and research has not shown any awards by other judges in the district in similar cases.  The plaintiff concedes that Blaz "continues to be awarded roughly $100.00 for law clerk and paralegal time" but requests an increase to $125.00 due to the passage of time and increased education.  The court believes that an upward adjustment is reasonable from the Lexington paralegal rate of $85.00, but not to the extent that Blaz would receive the same hourly rate as attorneys who have been admitted to practice.  Accordingly, $100.00 per hour for her services is deemed reasonable.

**B.  Number of Hours Claimed**

Having established the reasonable hourly rates, the only matter to be decided is whether some of the time claimed is unnecessary or duplicative, or expended on purely clerical activities.

The Commissioner assigns all 2.5 hours charged by Suzanne Blaz (law clerk) and the .85 charged by Karolina Filipiak (paralegal) as being clerical in nature.  The court disagrees.  Filipiak spent 0.1 hours informing the client that her case was accepted and discussing the federal court process.  As this court has previously

6

noted, it is important for a law firm to communicate with its clients. Most of the time spent by Blaz was spent in drafting the complaint and motion to appear <u>pro hac vice</u>, editing the motion for summary judgment, and drafting a proposed order (required under local rules) to attach to the motion to exceed the page limits in the court's standard briefing order. The remainder of her time was spent reviewing documents and discussing the case with the administrative counsel. No reduction is in order for these items.

      The court will disallow the .75 hours billed by Filipiak for "draft[ing] federal court forms to send to client." It is unclear which federal court forms would need to be "drafted" by a paralegal, since a form is by its nature already in existence.

      The Commissioner does not object to the 35.5 hours spent by Katherine Hoppe, attorney, for doing the bulk of the work drafting the plaintiff's successful motion for summary judgment. He objects to 1.5 and .75 hours respectively spent by attorneys Frederick Daley and Marcie Goldbloom, which the Commissioner characterizes as "discussing whether or not to represent Plaintiff in this matter." <u>Commissioner's Opposition to Plaintiff's Motion for Attorneys' Fees Under the Equal Access to Justice Act</u>, Docket Entry No. 23, p. 10. However, it appears that both attorneys also reviewed the ALJ's decision, an obviously important step, and the total amount of time thus spent does not appear to be excessive or unreasonable.

      The Commissioner also protests 6.25 hours claimed by Daley in reviewing and editing the drafts prepared by Hoppe. In determining whether an attorney "used

08-309 Nicole L. McKinney

poor judgment in spending too many hours or by unnecessarily duplicating the work of co-counsel," Coulter v. State of Tennessee, 805 F.2d 146, 151 (6th Cir. 1986), it is useful to keep in mind that "[i]t is normal practice for attorneys to revise briefs several times before submitting them to the court." Lenihan v. City of New York, 640 F.Supp. 822, 825 (S.D. N.Y. 1986). It does not appear that Daley's work was purely duplicative of Hoppe, either. The largest single item was 2.5 hours, described with detail as follows: "Read draft and pertinent parts of record, make mark-up changes and comments on expanding some arguments, need some medical definitions and research on the symptoms of the disease as they conform to the testimony and reported symptoms and limitations." Other time expended seems to be equally useful. Accordingly, no reduction in Daley's hours is warranted.

**ORDER**

Accordingly, counsel for the plaintiff is awarded $6,021.00 (46.1 hours x $125.00 per hour plus 2.5 hours x $100.00 per hour plus .1 hour x $85.00 per hour) in fees under the Equal Access to Justice Act.

This the 8th day of June, 2009.



Signed By:
G. Wix Unthank
United States Senior Judge